RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR
2015 NOV 30 AM 10: 38

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[10] CARLOS RIVERA-VELAZQUEZ, a.k.a.<br>"Carlos Trenza",<br>Defendant. | CASE NO. 13-433(JAG) |

## PLEA AGREEMENT
(Pursuant to Rule 11(c)(1)(B) FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José A. Ruíz-Santiago, Assistant United States Attorney, Chief, Criminal Division; Mariana E. Bauzá-Almonte, Assistant U.S. Attorney, Unit Chief, Narcotics Unit; Alberto R. López-Rocafort, Assistant U.S. Attorney; Teresa Zapata-Valladares, Assistant U.S. Attorney; defendant's counsel, Frank D. Inserni-Milam, Esq.; and defendant, **[10] CARLOS RIVERA-VELAZQUEZ,** pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to COUNT ONE of the Indictment.

COUNT ONE charges that beginning on a date unknown, but no later than in or about the year 2005, and continuing up to and until August 2013, in the Municipality of Caguas and other areas nearby, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the defendant, **[10] CARLOS RIVERA-VELAZQUEZ,** and other persons, did knowingly and

USA v. [10] Carlos Rivera-Velázquez, Criminal No.13-433(JAG)
Plea Agreement
Page 2

intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two-hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing detectable amounts of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance, all within one thousand (1,000) feet of the real property comprising the Turabo Heights Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby and within the Municipality of Caguas, Puerto Rico. All in violation of Title 21, United States Code Sections 841(a)(1), 846 and 860.




2.   **MAXIMUM PENALTIES**

The penalty for the offense charged in COUNT ONE of the Indictment is a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life, a fine not to exceed twenty million dollars ($20,000,000.00) and a term of supervised release of not less than ten (10) years in addition to any term of incarceration, pursuant to Title 21, United States Code, §§ 841(b)(1)(A), 846, and 860.

USA v. [10] Carlos Rivera-Velázquez, Criminal No.13-433(JAG)
Plea Agreement
Page 3

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least three point five (3.5) kilograms but less than five (5) kilograms of cocaine, the defendant faces a minimum sentence of five (5) years of imprisonment and a maximum term of imprisonment of eighty (80) years, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of not less than eight (8) years in addition to any term of incarceration, pursuant to Title 21, United States Code, §§ 841(b)(1)(B), 846, and 860.

3.  **APPLICABILITY OF SENTENCING GUIDELINES**




Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18 United States Code, Section 3551, *et seq.* (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges to be aware that parole has been abolished and the imposition of a sentence may not be suspended.

4.  **SPECIAL MONETARY ASSESSMENT**

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

5.  **FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

USA v. [10] Carlos Rivera-Velázquez, Criminal No.13-433(JAG)
Plea Agreement
Page 4

6.    **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). The defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.



7.    **SENTENCING GUIDELINES CALCULATIONS**

Although the Guidelines are now advisory, United States v. Booker, 125 S.Ct. 738, 744, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. Booker, 125 S.Ct. At 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations as to COUNT ONE:

a.    BASE OFFENSE LEVEL: The Base Offense Level shall be twenty-eight (28), pursuant to U.S.S.G. §2D1.1(c)(6). The defendant accepts responsibility for at least three point

USA v. [10] Carlos Rivera-Velázquez, Criminal No.13-433(JAG)
Plea Agreement
Page 5

five (3.5) kilograms but less than five (5) kilograms of cocaine.

    b.    PROTECTED LOCATION: One (1) level increase pursuant to U.S.S.G. §2D1.2(a)(2).

    c.    FIREARM: Two (2) level increase pursuant to U.S.S.G. §2D1.1(b)(1).

    d.    ACCEPTANCE OF RESPONSIBILITY: Should defendant clearly demonstrate acceptance of responsibility for the offense, defendant's based offense level shall be reduced by three (3) levels, pursuant to U.S.S.G. § 3E1.1(b).




| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
| --- | --- |
| COUNT ONE<br>Title 21, U.S.C., § 841 | |
| BASE OFFENSE LEVEL [U.S.S.G. § 2D1.1(c)(6)]<br>at least three point five hundred (3.5) kilograms but less than five (5) kilograms of cocaine. | 28 |
| Protected Location [U.S.S.G. § 2D1.2(a)(2)] | +1 |
| Firearm [U.S.S.G. §2D1.1(b)(1)] | +2 |
| Acceptance of Responsibility pursuant to [U.S.S.G. § 3E1.1] | -3 |
| TOTAL OFFENSE LEVEL | 28 |
| There is no stipulation as to defendant's Criminal History Category (CHC) | CHC I 78-97 months |

    d.    SENTENCE RECOMMENDATION: As to Count One and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to recommend a sentence, at a total offense level of twenty-eight (28), of eighty-four (84) months of imprisonment, if defendant's criminal history category is I. If defendant's criminal history

Case 3:13-cr-00433-JAG   Document 2708   Filed 11/30/15   Page 6 of 13

USA v. [10] Carlos Rivera-Velázquez, Criminal No.13-433(JAG)
Plea Agreement
Page 6

category is II or higher the parties agree to recommend a sentence at the lower end of the applicable guideline range. The parties further agree to recommend that the term of imprisonment to be imposed herein be concurrent with any term of imprisonment that may be imposed on a state case containing facts and offenses related and as relevant conduct to the conspiracy charge in the present indictment, including but not limited to any judgment or sentence that may be imposed against the defendant in state criminal case numbers ESC2010G0059 and ELA2010G00761 before the Caguas Superior Court. The parties agree that any recommendation for a term of imprisonment of less than eighty-four (84) months would constitute a breach of the plea agreement.



### 8. WAIVER OF APPEAL

The defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that the defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement.

### 9. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and the defendant agree that no further adjustment or departures to the defendant's base offense level shall be sought by the parties.

### 10. SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with defendant's counsel, Frank D. Inserni-Milam, Esq., and indicates that counsel has rendered effective legal assistance.

USA v. [10] Carlos Rivera-Velázquez, Criminal No.13-433(JAG)
Plea Agreement
Page 7

## 11. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present



witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

  e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

12. **DISMISSAL OF REMAINING COUNTS:**

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

13. **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

14. **LIMITATIONS OF PLEA AGREEMENT**

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

15. **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or

representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

### 16. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

### 17. VOLUNTARINESS OF GUILTY PLEA



The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

**(SPACE INTENTIONALLY LEFT IN BLANK)(CONTINUED ON THE NEXT PAGE)**

USA v. [10] Carlos Rivera-Velazquez, Criminal No.13-433(JAG)
Plea Agreement
Page 10

### 18. BREACH AND WAIVER

The defendant understands and agrees that if the defendant breaches the plea agreement, the defendant may be prosecuted and sentenced for all of the offenses the defendant may have committed. The defendant agrees that if the defendant breaches this plea agreement, the Government reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence. The defendant also agrees that if he is in breach of this plea agreement, the defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

**RESPECTFULLY SUBMITTED.**
ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
José A. Ruíz-Santiago
Assistant U.S. Attorney
Chief, Criminal Division

_____
Mariana E. Bauzá-Almonte
Unit Chief, Narcotics Unit
Dated: 11-25-15

_____
Alberto R. López-Rocafort
Assistant U.S. Attorney
Dated: 11/25/15

_____
Frank D. Inserni-Milam, Esq.
Counsel for Defendant
Dated: 11-30-15

_____
Carlos Rivera-Velazquez
Defendant
Dated: 11-30-15

USA v. [10] Carlos Rivera-Velazquez, Criminal No.13-433(JAG)
Plea Agreement
Page 11

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with your attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 11-30-15

Carlos Rivera-Velazquez
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 11-30-15

Frank D. Inserni-Milam, Esq.
Counsel for Defendant

USA v. [10] Carlos Rivera-Velazquez, Criminal No.13-433(JAG)
Plea Agreement
Page 12

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following summary setting forth the version of the facts leading to defendant's acceptance of criminal responsibility for violating Title 21, United States Code, §841(a)(1), (b)(1)(A), 846 and 860.

Beginning on a date unknown, but no later than in or about the year 2005, and continuing up to and until August 2013, in the Municipality of Caguas and other areas nearby, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the defendant, **[10] CARLOS RIVERA-VELAZQUEZ**, and other persons, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two-hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing detectable amounts of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance, all within one thousand (1,000) feet of the real property comprising the Turabo Heights Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby and within the Municipality of Caguas, Puerto Rico. All in violation of Title 21, United States Code Sections 841(a)(1), 846 and 860.

The object of the conspiracy was to distribute controlled substances at the Turabo Heights Public Housing Project, located in the Municipality of Caguas, Puerto Rico; all for significant financial gain and

USA v. [10] Carlos Rivera-Velazquez, Criminal No.13-433(JAG)
Plea Agreement
Page 13

profit. Defendant **[10] CARLOS RIVERA-VELAZQUEZ**, acted as a supplier for the drug trafficking organization. As a supplier, he would purchase and transport wholesale amounts of marijuana in order to supply the drug point at the Turabo Heights PHP, among other areas. The marijuana would then be prepared for street level distribution, along with other narcotics sold at the drug point, including but not limited to heroin, cocaine and crack cocaine. Although the defendant's role in the conspiracy was as a supplier, he would not have a supervisory role within the conspiracy. While multiple kilograms of heroin, cocaine, cocaine base and marijuana were distributed during the conspiracy, for purposes of this plea agreement the defendant acknowledges that during the span of the conspiracy he possessed with intent to distribute at least at least three point five (3.5) kilograms but less than five (5) kilograms of cocaine. *The defendant acknowledges that at some point during the conspiracy he possessed a Firearm.* At trial, the United States would have proven beyond a reasonable doubt that defendant **[10] CARLOS RIVERA-VELAZQUEZ**, is guilty as charged in COUNT ONE of the Indictment by presenting physical and documentary evidence, photographs, audio and video recordings, testimony of a forensic chemist as an expert witness, cooperating witnesses, as well as the testimony of law enforcement agents among others.

Full discovery has been provided to the defendant.

_____
Alberto R. López-Rocafort
Assistant U.S. Attorney
Dated: 11/25/15

_____
Frank D. Inserni-Milam, Esq.
Counsel for Defendant
Dated: 11-30-15

_____
Carlos Rivera-Velazquez
Defendant
Date: 11-30-15